UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BRABANT, SHERRY BILL,
BRENDA LAMOTHE, EDRICK HATTER,
CHERYL ORTH, JACK LENIER, JR.,
WILLIE RIGGINS, MARIO TORRES,
MATTHEW TREMBLE AND JANE AND
JOHN DOE DETAINEES,

        Case Number 05-10030
        Honorable David M. Lawson

        Plaintiffs,
v.

SAGINAW COUNTY, SAGINAW COUNTY
SHERIFF'S DEPARTMENT, MUNICIPAL
GOVERNMENT ENTITIES, CHARLES BROWN,
WILLIAM GUTZWILLER, AND OFFICERS
JOHN DOE, AND JANE DOE (IN THEIR
INDIVIDUAL CAPACITY),
JOINTLY AND SEVERALLY,

        Defendants.
_____/

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFFS' MOTION TO FILE SUPPLEMENTAL ATTACHMENTS, AND SCHEDULING STATUS CONFERENCE**

The present action is one of four filed by plaintiffs' counsel challenging certain detention practices that had been put in place by the Saginaw County Sheriff at the Saginaw County Jail. In the first of the cases, the Court held that the County's policy of removing all clothing from pretrial detainees housed in administrative segregation violated the detainees' rights under the Fourth and Fourteenth Amendments. *Rose v. Saginaw County,* 353 F. Supp. 2d 900 (E.D. Mich. 2005). After the complaint in the *Rose* litigation was amended multiple times to add additional plaintiffs who alleged that they had been subjected to this policy, the Court declined to certify that matter as a class

action, and the plaintiffs' attorneys responded by filing two other lawsuits on behalf of more former detainees. One such case, *Abner v. Saginaw County*, docket number 05-10323, was filed on December 16, 2005 and eventually included 63 plaintiffs. The present action originally was filed on January 31, 2005 on behalf of three plaintiffs and alleged they were situated exactly as the *Rose* plaintiffs, that is, they each were misdemeanor pretrial detainees who were stripped and put in administrative segregation naked without a paper gown; and claimed the same constitutional violations as the *Rose* plaintiffs. On February 14, 2005, counsel filed an amended complaint adding six additional plaintiffs, for a total of nine individuals, and they sought class status. Plaintiff Cheryl Orth has since withdrawn from the lawsuit. A fourth lawsuit, *Whittum v. Saginaw County*, docket number 02-10313, challenges the County's strip search policies applied to pre-arraignment detainees and inmates who return to the jail after work release, and it is only tangentially related to the other three actions.

The parties filed cross motions for summary judgment in the *Abner* case, with the plaintiffs seeking to establish liability as a matter of law on the basis of this Court's holding in *Rose*, and the defendants seeking dismissal on grounds that included qualified immunity, the statute of limitations, and a policy change that implemented the use of paper gowns for inmates consigned to administrative segregation. The parties also filed cross motions for summary judgment in the present action, and for the most part they have repeated their arguments advanced in the *Abner* motions.

Today, the Court has filed an opinion in the *Abner* case granting in part and denying in part the summary judgment motions filed by both sides. To the extent that the issues in the present matter and in *Abner* overlap, the Court will adopt its reasoning from the *Abner* case, which will not

be repeated here except as necessary to address material differences between the two matters. The defendants' motion for judgment on the pleadings or in the alternative for summary judgment in this case, as in *Abner*, alleges that the plaintiffs have not established a constitutional violation, the claims are barred by the statute of limitations, and the individual defendants are entitled to qualified immunity. The plaintiffs oppose the defendants' motion on the basis of all of the arguments raised in the *Abner* case motions plus an additional argument based on equitable tolling, which is the same argument the *Rose* plaintiffs made in their unsuccessful motion for class certification. They also move for summary judgment on the issue of liability and claim that they are all similarly situated as the *Rose* plaintiffs, by way of a motion styled as a motion to join in the *Abner* summary judgment motion, to hold their class action filing date in abeyance, and to hold the *Whittum* dispositive motion deadline in abeyance.

The Court heard argument on these motions on June 30, 2006. At that time, it became apparent that the plaintiffs had not filed transcripts of the depositions of the parties. On that same date, the plaintiffs filed a motion for leave to supplement their responses to the defendants' summary judgment motion, which the defendants oppose. Federal Rule of Civil Procedure 56 requires the Court to consider "the pleadings, depositions, answers to interrogatories, and admissions on file" in deciding a summary judgment motion. Fed. R. Civ. P. 56(c). The rule is flexible, and "court[s] may consider any material that would be admissible or usable at trial." Wright & Miller, Fed. Practice and Procedure § 2721. The timing for accepting evidence is a matter left to the Court's discretion. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 494 F. Supp. 1161, 1168 (E.D. Pa. 1980). The Court believes it is appropriate to consider the additional deposition evidence and will grant the plaintiffs' motion to file supplemental material.

In their complaint, the plaintiffs each contend that they "were left naked without blankets, gowns, or any other way to shield their bodies" in the segregation cell at the Saginaw County Jail, Compl. at ¶ 18, in violation of the Fourth and Fourteenth Amendments and section 1983. As mentioned, this complaint did not seek class status initially, but on February 14, 2005, the plaintiffs filed an amended complaint adding named plaintiffs and seeking to represent a class of persons subjected to the naked segregation policy since 1998. Am. Compl. ¶ 12. Again, the amended complaint asserts that the plaintiffs were not given gowns or any other covering. Am. Compl. at ¶ 22.

Because the present motions essentially rehash the arguments in the *Abner* motions, the Court will dispose of the arguments summarily, but incorporate its reasoning from the *Abner* opinion filed today in docket number 05-10323.

The defendants claim they are entitled to summary judgment because the plaintiffs have not established a constitutional violation. However, the plaintiffs' amended complaint asserts that the plaintiffs were put in segregation with no covering at all, and the deposition testimony supports the claims. The defendants claim that the plaintiffs were given gowns. The submissions establish a factual dispute that cannot be resolved at the summary judgment stage of the proceedings. For the reasons discussed in the *Abner* opinion, the plaintiffs who were not given any covering have presented a jury-submissible claim that their rights were violated. None of the plaintiffs testified that they were given gowns or any other covering. It appears that the following plaintiffs were detained prior to December 2001, under the policy condemned in *Rose*: Edrick Hatter, Jack Lenier, Jr., William Riggins, and Mariano Torres. The other plaintiffs claim that they were denied clothes

or a paper gown, and there remains a fact question whether the municipal defendant acted pursuant to a custom that remained in place despite a purported change in the formal policy.

On the question of the statute of limitations, each of the plaintiffs had three years from the day his or her claim accrued to commence an action under 42 U.S.C. § 1983. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905-06 (6th Cir. 1988). The parties agree that accrual dates of the claims occurred at the time of confinement and release from administrative segregation. For the nine plaintiffs in this case the three-year filing deadline would be: Brabant – October 11, 2006; Bill – June 12, 2005; Lamothe – January 7, 2006; Hatter – October 7, 2003; Lenier – July 27, 2004; Riggins – May 12, 2004; Torres – July 23, 2003. There is no information as to plaintiff Tremble.

As noted earlier, the present action was filed on January 31, 2005. Therefore, the claims of Brabant, Bill, and Lamothe are timely. The claims of the other plaintiffs are untimely unless tolling extends the filing date.

In the *Abner* opinion, the Court noted that although Supreme Court precedent holds that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action," *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (footnote omitted), the Sixth Circuit will not extend that rule to expand the time for filing subsequent *class* actions. *Andrews v. Orr*, 851 F.2d 146, 149 (6th Cir. 1988) (holding that "the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class"). Consequently, the *Brabant* putative class members would not receive the benefit of tolling from the pendency of the *Rose* lawsuit under the rule of *American Pipe* and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). However, there is no rule that would prevent the

*individually* named *Brabant* plaintiffs from benefitting from the tolling rule, and in fact to deny them that extension would contravene the rule of *Crown, Cork & Seal*. Based on the reasoning of the *Abner* opinion, the plaintiffs here should receive 601 days of tolling, that is from October 9, 2001 to September 13, 2002 and from March 4, 2005 to November 21, 2005, based on the proceedings in the *Rose* case. That extension saves the claims of the plaintiffs listed above. Therefore, the defendants are not entitled to dismissal of any of the present plaintiffs' claims based on the statute of limitations.

The plaintiffs also argue that the defendants are estopped from asserting a statute of limitations defense. However, because none of the plaintiffs presently are subject to that defense on the facts, the Court will not address the issue.

The individual defendants in this case are entitled to qualified immunity. Even though the plaintiffs can establish a constitutional violation, the rights at issue were not clearly established prior to this Court's *Rose* decision on January 31, 2005. At that point, it was established that the detention policy is unconstitutional if the plaintiffs are given no covering whatsoever.

Accordingly, it is **ORDERED** that the plaintiffs' motion to file supplemental attachments to its summary judgment papers [dkt #46] is **GRANTED**.

It is further **ORDERED** that the defendants' motion for judgment on the pleadings or for summary judgment [dkt #38] is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that the plaintiffs' motion for summary judgment [dkt #41] is **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that the matter is **DISMISSED WITH PREJUDICE** as to defendants Charles Brown, Arnold J. Burns, Lt. William Gutzwiller, and Officers John Doe and Jane Doe.

It is further **ORDERED** that the following plaintiffs are entitled to judgment as a matter of law on the issue of liability: Edrick Hatter, Jack Lenier, Jr., William Riggins, and Mariano Torres.

It is further **ORDERED** that counsel shall appear for a status conference at the Court's chambers on **August 31, 2007 at 3:00 p.m.** to discuss further case management.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 19, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2007.

s/Felicia M. Moses
FELICIA M. MOSES